**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **TECT AEROSPACE WELLINGTON, INC.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 07-1306-JTM |
| ) | |
| **THYSSENKRUPP MATERIALS NA, INC., a Michigan Corporation, and its unincorporated division TMX Aerospace (d/b/a TKX Aerospace),** ) ) ) ) ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

## MEMORANDUM AND ORDER

This matter is before the court on plaintiff's motion to compel production of a June 22, 2007 letter. (Doc. 56). Defendant opposes the motion, arguing that the letter is protected by the attorney-client privilege. For the reasons set forth below, plaintiff's motion shall be GRANTED.

### Background

The genesis of this lawsuit is a 2003 "requirements" contract for the supply of aerospace aluminum plate that ran from May 6, 2003 to December 31, 2009. TECT, the buyer, is an aerospace parts manufacturer. ThyssenKrupp Materials NA, Inc. (TMX), the seller, is a distributor of aerospace aluminum plate. Highly summarized, buyer alleges that

seller breached the contract in 2006 and forced buyer to incur additional expenses for "spot buys" on the open market for aluminum plate. Buyer also alleges that seller improperly canceled the contract in 2007. Seller counters that it properly terminated the requirement contract after buyer failed to provide "adequate assurance" of performance. Seller also asserts counterclaims for buyer's breach of a 2006 agreement and failure to pay invoices.

## TECT's Motion to Compel

As noted above, buyer moves to compel production of a June 22, 2007 letter which seller opposes, arguing that the letter is protected by the attorney-client privilege. As explained in greater detail below, the court is not persuaded that the letter qualifies as a communication protected by the attorney-client privilege.

The circumstances regarding the letter and claim of privilege are unusual. After months of negotiations between the parties in 2006 and 2007 over (1) past due invoices, (2) a credit hold on buyer's purchases, and (3) volume and pricing issues related to future aluminum deliveries, seller's in-house counsel, Lawrence C. Paulson, drafted a letter to buyer demanding adequate assurance of performance under K.S.A. § 84-2-609. Seller subsequently sent an August 1, 2007 letter to buyer stating that ***a demand letter had been sent on June 22, 2007*** and, although further negotiations had taken place, no agreement had been reached on a payment plan. Because buyer declined to enter into an acceptable payment plan, seller advised that it would no longer supply aluminum materials to buyer after December 31, 2007.

Buyer filed its complaint on September 28, 2007 and alleged, in part:

> ***On June 22, 2007, TMX sent a demand letter to TECT*** Aerospace and proposed its own payment plan (the "TMX Payment Plan"). The TMX Payment Plan significantly overstated the amounts due to TMX and mischaracterized the parties' contractual obligations under the Long Term Agreement and the 2006 Accommodations.

Plaintiff's Complaint, Doc. 1, page 8, paragraph 33 (emphasis added). Seller admitted in its answer that *a request for adequate assurance had been sent to buyer on June 22, 2007.* Answer, Doc. 13, pages 5-6, paragraph 33. Seller also alleged that "TECT failed to provide adequate assurance." Id. paragraph 34.

Buyer submitted discovery requests which required the production of the June 22, 2007 written demand. To everyone's surprise, seller discovered that the June 22, 2007 letter had not been sent.[1] Seller now takes the position that the June 22, 2007 demand letter is protected by the attorney-client privilege because the letter (1) contains in-house counsel's mental impressions, opinions and legal theories, (2) was attached to an e-mail to seller management for discussion, and (3) was never sent to buyer.

The standards for evaluating the attorney-client privilege are well established. "In federal court, the determination of what is privileged depends upon the dictates of Rule 501 of the Federal Rules of Evidence." ERA Franchise System, Inc., v. Northern Ins. Co. of New York, 183 F.R.D. 276, 278 (D. Kan. 1998)(quoting Fisher v. City of Cincinnati, 753 F. Supp. 692,694 (S.D. Ohio 1990). Because subject matter jurisdiction in this case is based on

---

[1] Apparently, James Wendle, TMX's Chief Financial Officer, thought he was making progress in negotiations with buyer and decided not to send the letter. However, TMX's President (Juergen Funke) and TMX's legal counsel both thought the demand had been sent to and received by buyer.

-3-

diversity and "state law supplies the rule of decision," the attorney-client privilege is determined in accordance with Kansas law. Fed. R. Evidence 501.

Under Kansas law, the essential elements of the attorney-client privilege are:

> (1) Where legal advice is sought (2) from a professional legal advisor in his capacity as such, (3) the communications made in the course of that relationship (4) made in confidence (5) by the client (6) are permanently protected (7) from disclosures by the client, the legal advisor, or any other witness (8) unless the privilege is waived.

ERA Franchise at 278, (citations omitted); Cypress Media, Inc. v. City of Overland Park, 997 P.2d 681, 689 (Kan. 2000)(citations omitted). The existence of the privilege is determined on a case-by-case basis. See Upjohn Co. v. United States, 449 U.S. 383, 396-97 (1981). The party objecting to discovery on the basis of the privilege bears the burden of establishing that it applies. Boyer v. Board of County Commissioners, 162 F.R.D. 687, 688 (D. Kan. 1995). Moreover, a party must make a "clear showing" that the privilege applies. Ali v. Douglas Cable Communications, 890 F. Supp. 993, 994 (D. Kan. 1995).

Seller's conclusory assertion that the demand letter contains counsel's mental impressions, opinions and legal theories is not sufficient to establish the attorney-client privilege. Virtually every demand letter contains the author's mental impressions and opinions and legal theories, and if included in the letter, they are merely an attempt to persuade the opposing party to adopt a desired course of action. Similarly, the fact that the letter was attached to an e-mail message to a client does not, in and of itself, establish the

-4-

attorney-client privilege.[2] Attaching a non-privileged document to a privileged communication does not protect the non-privileged letter from production. Finally, as discussed below, the fact that the letter was never sent is not determinative.

The flaw in seller's privilege argument is that the demand letter was not intended to be a confidential communication between an attorney and a client. As reflected in seller's August 1, 2007 letter, seller *intended* that buyer read and respond to the June 22 demand letter. Similarly, buyer believed that it had received the June 22, 2007 letter. A document that all parties considered as evidence in the case and as an established fact does not suddenly become a "confidential legal communication" merely because seller learned during the course of discovery that it was mistaken about the document's delivery to buyer. Equally important, seller believed that the demand letter had been sent to buyer and based one of its defenses, failure to provide adequate assurance of performance, in part on the June 22, 2007 letter.[3] Under the circumstances, the June 22, 2007 letter is not protected by the attorney-

---

[2] As noted, the facts surrounding the June 22, 2007 demand letter are unusual and the court's ruling is limited to the narrow facts of this case. A draft of a legal document sent from counsel to a client for further discussion would, if all other elements are satisfied, ordinarily be protected by the attorney-client privilege. In this case, seller went far beyond this well-established line and intended to send the letter to buyer.

[3] Seller asserts alternative evidence for its contention that buyer failed to provide adequate assurance during the negotiations. The court expresses no opinion concerning the evidence or the merits of seller's contention. However, with respect to this particular document and claim of the attorney-client privileged, seller's answer reveals that seller believed that the June 22, 2007 letter demanded adequate assurance and had been sent to buyer.

-5-

client privilege.[4]

**IT IS THEREFORE ORDERED** that TECT's motion to compel **(Doc. 56)** is **GRANTED.**  TMX shall produce the June 22, 2007 letter on or before **May 22, 2009.**

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 12th day of May 2009.

S/Karen M. Humphreys
KAREN M. HUMPHREYS
United States Magistrate Judge

---

[4] Because the court finds that the June 22 letter does not reach the threshold for an attorney-client privileged communication, the court finds it unnecessary to address buyer's alternative argument that seller has waived the privilege.  Similarly, because the demand letter is not attorney-client privileged material, seller's concern that production of the letter might waive *all* attorney-client communications related to the letter is unfounded.

-6-